In the Matter of JOHN J. SEFFERN, an Attorney, Respondent.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 29, 1976

*John G. Bonomi* of counsel *(Oscar J. Cohen* with him on the brief), for petitioner.

*John J. Seffern,* respondent *pro se.*

14

*Per Curiam.* Respondent, who was admitted to practice in the First Judicial Department on June 24, 1955, is charged with having deposited escrow funds in an out-of-State bank account in a State in which he had no law office, having converted them, and thereafter having issued a check to his client's broker on that out-of-State account which was returned for insufficient funds. The Referee sustained the charges.

Although respondent in an affidavit submitted in response "categorically" denied all charges, his affidavit actually admitted that he deposited the funds in an out-of-State bank, though he explained that he did not know that any regulation was being violated. Further he acknowledged issuing a check to the broker which was returned for insufficient funds, but says he believed the account to have contained sufficient funds. Respondent denied any conversion.

The evidence presented at the Referee's hearing shows that respondent, representing a client in a sale of realty, received on December 1, 1971 a $3,000 deposit on the purchase price from the potential buyer, to be held in escrow. He deposited the check in his personal account in a Wisconsin bank on December 3, 1971. At that time, the account was overdrawn, so that the $3,000 was immediately depleted to $2,971.66. Further withdrawals by respondent left a balance on December 31, 1971 of $451.05. At the February 3, 1972 real estate closing respondent drew a $2,400 check payable to the real estate broker. At that time, the account contained only $328.50 and the check was returned. The client eventually covered the check. No restitution was ever made to her by respondent.

Respondent argued that he did not convert the money, since $500 of the escrow was applied, with the client's consent, to his legal services in connection with the sale, and $2,400 was due him for other legal services rendered to the client. These explanations were challenged in part by the client and petitioner. Their fundamental insufficiency would remain regardless of the validity or invalidity of respondent's claims, however, since it is clear that the client had neither agreed to nor known about respondent's depletion of the escrow fund until several months after it occurred.

The Referee called to this court's attention, in resolving this matter, that respondent had frankly admitted the charges except the charge of conversion, that the charges involved an

isolated transaction by an attorney as to whom no other misconduct has ever been reported, and that his conduct "when taken in context with the entire background as revealed by the evidence does not appear to be motivated by venality or wilful intent to violate the law."

Petitioner charged, on the contrary, that respondent—who did not testify before the Referee—had been less than candid in his testimony before the Grievance Committee. Examination of the record of that hearing confirms that respondent did not fully and frankly answer certain questions put to him by that committee. For example, he justified the deposit of the escrow funds into his personal account by saying the account had been "completely inactive." In fact, over 100 debit items had passed through the account on a regular basis during the six months prior to the escrow deposit. Respondent also testified that the $2,400 check was returned because the account "may have been $100 short." Instead, on the day the $2,400 check was presented, the account contained only $178.50.

We confirm the Referee's report and adjudge respondent guilty of professional misconduct. Considering all the circumstances herein, respondent should be suspended from practice for a period of two years.

MARKEWICH, J. P., LUPIANO, SILVERMAN, LANE and NUNEZ, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of two years, effective July 29, 1976.